254 So.2d 482 (1971)
Otis Wilborn CLARK et al., Plaintiffs-Appellees,
v.
William T. DIXON, Jr., et al., Defendants-Appellants.
No. 3664.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1971.
*483 Preston N. Aucoin, Ville Platte, for defendant-appellant.
Fusilier, Pucheu & Soileau by A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Before SAVOY, HOOD and MILLER, JJ.
SAVOY, Judge.
This is a suit filed by plaintiffs against defendants to declare a purported option granted by the grandfather and father of defendants in favor of Beaula Dixon null for the reason that the option was for an indefinite period of time. Defendants answered the suit alleging the option to be valid and expressing a desire to exercise same.
After a trial on the merits, the trial judge, without assigning written reasons, declared the option to be invalid. Defendants have appealed to this Court.
The instrument at issue reads as follows:
"Jan. 11, 1960. I agree to sell to Beaula M. Dixon all the land north of the parish road in the 40 acre tract which she now lives in. Price of $100.00 per acre. To be surveyed later and determine amount of land.
"$50.00 paid on this day.
s/Beaula M. Dixon, Buyer
s/W. L. Clark, Seller"
The matter is as submitted by counsel on briefs. Counsel for plaintiffs contend that the option is invalid for the reason that it is contrary to LSA-C.C. Article 2462 which provides:
"A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.
"One may purchase the right, or option to accept or reject, within a stipulated time, an offer to promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise cannot be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party."
In Bristo v. Christine Oil & Gas Co., 139 La. 312, 71 So. 521, our State Supreme Court held that an option for an indefinite term was a nudum pactum. The Court stated that the policy of this state is to keep property in commerce.
In the instant case the option grants defendant, Beaula Miller Dixon, the right to purchase 40 acres at $100.00 an acre for a consideration of $50.00. The owner at the time the option was granted died prior to the recordation of the option in 1971, and the heirs, plaintiffs herein, were placed in possession of said property as owners in 1970.
Defendants rely on the case of Price v. Town of Ruston, 171 La. 985, 132 So. 653. It is true that Justice O'Niell, author of the opinion, stated that there was no merit that the option was null for want of a stipulation limiting the time within which it might be exercised; however, we believe the case was decided on its peculiar facts, and the better rule is that which is stated by Justice O'Niell in Bristo, supra.
We are of the opinion that the rule of law as set forth in LSA-C.C. Art. 2462, to the effect that there must be a definite time set forth in the option, is the correct one. To hold otherwise would be to give all of the advantage to the one in whose favor the option was granted. He could wait many years before determining whether to exercise the option. He could wait and see if the property involved *484 would increase in value before exercising his option.
For the reasons assigned, the judgment of the district court is affirmed at appellants' costs.
Affirmed.