CULPEPPER, Judge.
The plaintiff, Howard N. Crawford, Jr., filed this suit to annul a sale by the defendant, Mrs. Frankie Boutte McDaniel, to the defendant, O. H. Deshotels, Jr., conveying all of vendor’s interest in 35 acres of land. Plaintiff contends that in a prior sale by Mrs. McDaniel to plaintiff of an undivided VÍ2th interest in the land, Mrs. McDaniel granted plaintiff an option to purchase her remaining Vi2th interest at the bona fide price offered by any third party. It is plaintiff’s contention that the later sale by Mrs. McDaniel to Deshotels was in violation of the option agreement. Plaintiff prayed for the annulment of the sale from Mrs. McDaniel to Deshotels and for specific performance of the option by ordering Mrs. McDaniel to sell to plaintiff. From a judgment granting plaintiff the relief prayed for, the defendants have appealed.
The issues are: (1) Was the sale from Mrs. McDaniel to plaintiff and the option contained therein void on the basis that the consideration from Crawford, a non-lawyer, was an agreement to practice law and furnish legal services in violation of state statutes? (2) Was the option agreement between Mrs. McDaniel and Crawford invalid for want of a limited time within which to exercise the option? (3) Did Mrs. McDaniel actually offer to sell her interest to plaintiff in compliance with the option?
The general facts are that in about 1961 the plaintiff, an independent land man, was researching the title to the 35-acre tract of land formerly owned by Whitney Boutte in Vermilion Parish. Crawford discovered that the defendant, Mrs. Frankie Boutte McDaniel, was an adopted daughter of Whitney Boutte, who died leaving a will bequeathing his entire estate to other persons, thus, in effect, disinheriting his adopted daughter. Under these facts, Mrs. McDaniel was entitled to a legitime of one-third of Whitney Boutte’s one-half interest in the property, or a total of a one-sixth interest in the 35 acres.
Mr. Crawford located Mrs. McDaniel in California. He began to correspond with her regarding an agreement to undertake to correct her title to an interest in the property. On May 31, 1966, Mrs. McDaniel executed a contract whereby she agreed to convey to Crawford one-half of her interest in the 35 acres in consideration of certain services to be performed by him and described in the instrument as follows:
“That grantor enters into this agreement to grant unto grantee the said interest as a consideration in return for the services of and expense to grantee in undertaking the necessary work and expense in perfecting the title, of whatever undivided interest grantor may have legal claim to, into grantor and causing the said title to grantors interest to be properly reflected in the Conveyance Records of the Clerk of Court of the Parish of Vermilion.”
Thereafter, in June of 1967, Crawford obtained quitclaim deeds from several parties conveying an undivided one-sixth interest in the property to Mrs. McDaniel. It was not necessary for Mr. Crawford to employ an attorney or to file any proceedings in court to perfect Mrs. McDaniel’s title.
On July 16, 1967, in compliance with the contract of employment of Mr. Crawford, Mrs. McDaniel conveyed to Crawford one-half of her undivided one-sixth interest in the property. This conveyance contained *297 the option agreement in question, which reads as follows:
“IT IS FURTHER UNDERSTOOD, that if ever a bona fide offer is made and should either Frankie Boutte McDaniel or H. N. Crawford, Jr., desire to sell in whole, part or portion the herein described interest owned by each, the party desiring to sell shall be and is herein obligated to offer to the other party the first chance to buy same at the bona fide offer, such notice to be given to the here-inabove address of either by Registered Mail, and an answer be given the same within thirty days from date notice is received, or it shall be deemed that the option to purchase at the bona fide offer is rejected.”
Beginning in 1968, Mr. Crawford contacted Mrs. McDaniel several times suggesting that he might buy her interest in the property. Mrs. McDaniel was interested in selling and they corresponded during 1972 and 1973 regarding a price. On January 10, 1974, Mrs. McDaniel wrote Crawford a letter which states in pertinent part:
“Yes I am interested in selling the land in Vermilion parish, however, we do not plan on giving it away. I wrote you sometime ago asking you about a fair sales price so when you said you did not know I made a trip down and had some one check it out. I have been informed that the land is ideally located on the Highway and should not be sold for less than $1200 per acre. I informed Mr. Deshotels that I would not except less than $1000 per acre.”
Mrs. McDaniel gave no written notice by Registered Mail to Crawford of any bona fide offer by Mr. Deshotels or any other party. Nevertheless, on April 26,1974, Mrs. McDaniel conveyed all of her right, title or interest in the 35 acres to O. H. Deshotels, Jr. for a stated consideration of $3500 cash.
On February 25,1976, Crawford filed the present suit to annul the sale from McDaniel to Deshotels and to seek performance of the option. Plaintiff later deposited the sum of $3500 in the Registry of the Court to reimburse Deshotels for the price he paid to Mrs. McDaniel.

ILLEGAL CONSIDERATION FOR SALE FROM MRS. McDANIEL TO CRAWFORD

In a reconventional demand, Mrs. McDaniel seeks the annulment of the July 16,1967 sale from her to Crawford on the basis that the consideration for the sale was the performance by Crawford of services which constitute the practice of law, in violation of LSA-R.S. 37:213. This statute provides that no person who is not regularly licensed to practice law in Louisiana shall: “(1) Practice law; (2) Furnish attorneys or counsel or an attorney and counsel to render legal services; ... (4) Render or furnish legal services or advice;”
As shown by the above quotation from the May 31, 1966 employment contract, Mr. Crawford agreed to undertake “the necessary work and expense in perfecting the title, of whatever undivided interest grant- or may have legal title to, into grantor and causing the said title to grantor’s interest to be properly reflected in the Conveyance Records of the Parish of Vermilion.” The evidence shows that pursuant to this agreement Crawford obtained quitclaim deeds, which he personally prepared, conveying to Mrs. McDaniel an undivided one-sixth interest in the property. It was not necessary for Mr. Crawford to employ an attorney or to file any proceedings in court.
A very similar issue was presented in the recent case of Placid Oil Company v. Taylor, 306 So.2d 664 (La.S.Ct.1975) where a land man, a non-lawyer, agreed to furnish services to remove clouds from the titles of landowners in consideration of an interest in the property. The court found that regardless of whether the services to be performed by the land man under the contract constituted the practice of law, the evidence did not show that the services actually performed were prohibited legal services. The court stated:
*298 “Nor can we say, for instance, that services performed by removing clouds from 'titles, such as locating heirs or having adverse claimants sign quitclaims prepared by lawyers, amount by themselves to the practice of law, so as to exclude non-lawyers from the useful functions historically performed by landmen.”
In its decision in Placid, the Supreme Court cited with approval the case of Strange v. Robinson, La.App., 189 So. 338 (1939) which involved facts very similar to the present case. The court in Robinson held that the services performed by the land man did not constitute the prohibited practice of law.
Under these authorities, the services performed by Crawford in the present case clearly did not constitute the prohibited practice of law.

UNLIMITED OPTION TIME

Defendants argue next that under LSA-C.C. Article 2462 an option without a time limit is invalid since it takes the property out of commerce. They contend that the option in the present case is for an unlimited time since its termination date is conditioned on either Mrs. McDaniel or Mr. Crawford or their heirs desiring to sell.
This argument has been answered by our Supreme Court in Price v. Town of Ruston, 171 La. 985, 132 So. 653 (1931), where the owner allowed the Elks Lodge to build a third story on top of a building which she owned. The agreement contained a provision that in the event the Elks Lodge ever desired to sell the third story, the owner, Mrs. Price, would be given the option and preference of purchasing from the Lodge at the price offered to it. The court held:
“There is no merit in the appellant’s argument that the option was null for want of a stipulation limiting the time within which it might be exercised. The stipulation limiting the time was that the option would be available whenever the Elks’ Lodge might desire to sell the property, meaning whenever it might become necessary for Mrs. Price or her heirs or assigns to prevent the title to the third story of the Price building from passing to some one else.”

NONCOMPLIANCE WITH THE OPTION CONTRACT

Defendants argue next that the above quoted portion of the April 26, 1974 letter from Mrs. McDaniel to Crawford constituted an offer to sell for $1200 an acre, which offer was not accepted by Crawford within the 30 days provided.
The trial court found as a fact, from the letter itself and from parole testimony introduced to explain it, that this was not a bona fide offer by Mrs. McDaniel to sell to Crawford for a certain price. The option agreement provides for a bona fide offer conveyed in writing by Registered Mail. The letter in question was only a part of the continuing negotiations between the parties in which Mrs. McDaniel stated that she would like to sell for not less than $1200 an acre and that she had informed Mr. Deshotels that she would not accept less than $1,000 per acre. We agree with the trial judge that this was not a bona fide offer to sell for a certain price under the option agreement.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiff-appellee.
AFFIRMED.