428 So.2d 1241 (1983)
Edward TERRELL, et al., Plaintiffs-Appellees,
v.
Paul MESSENGER, et al., Defendants-Appellants.
No. 82-552.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
*1242 Whitehead & McCoy, Kenneth D. McCoy, Jr., Gahagan & Gahagan, Henry C. Gahagan, Natchitoches, for defendants-appellants.
Watson, Murchison, Crews, Arthur & Corkern, Ronald E. Corkern, Jr., Natchitoches, for plaintiffs-appellees.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
*1243 LABORDE, Judge.
Plaintiffs-appellees, Edward Terrell, Eddison Terrell, Harvey Moran, Sarah Terrell Chevalier, Herman Terrell and Olizine Terrell, brought this action to have a certain sale of immovable property rescinded and set aside, to obtain damages, and for specific performance of a contract granting them a right of first refusal on that property. Defendants-appellants are Leo Terrell, Lena T. Jones, Steese Britton, Emma T. Kirkland, the owners and vendors of the property, and the purchasers of the property, Paul Messenger, Janette Messenger, and Pioneer Realty Co., Inc.
The trial court, after trial, rendered judgment in favor of the plaintiffs ordering the sale entered into between defendants rescinded and set aside. The judgment further ordered Pioneer Realty Co., Inc., to convey the property to Edward Terrell on the same terms and conditions as those contained in the sale between it and the other defendants. Defendants appeal. We affirm.
The defendants-appellants raise the following issues:
1) Whether or not the trial court erred in holding as a matter of law that a deed clause which gives to all vendees therein a right of first refusal for an unspecified time period is not contrary to public policy;
2) Whether or not the trial court erred in failing to hold as a matter of law that a deed clause which by its express terms is an agreement between the named vendees has to be signed and consented to by the vendees;
3) Whether or not the trial court erred in failing to hold an alleged right of first refusal between vendees in an act of sale invalid as to third parties where there is no acceptance of the agreement on the face of the public records;
4) Whether or not the trial court erred in failing to hold that a right of first refusal to purchase immovable property is subject to the liberative prescription of ten years;
5) Whether or not the trial court erred in rejecting defendant's request for leave of court to file an amended answer raising the affirmative defense of estoppel;
6) Whether or not the trial court erred in holding as a matter of law that a right of first refusal to purchase immovable property is a real right entitling the parties thereto to specific performance when said property is sold to a third party, rather than a personal right for damages.
On January 4, 1957, Sarah Terrell executed a cash sale deed conveying a 72-acre parcel of land to her children and grandchildren. The deed is recorded in Conveyance Book 228, page 597 of the records of Natchitoches Parish, Louisiana. The deed contained the following clause:
"The vendees herein mutually agree that should any one of them decide to sell their interest in the property above acquired, that they will first offer said interest to the other vendees herein, at the same price they are offered for their interest. Vendees further agree that so long as Sarah J. Terrell is alive, that they will not sell their interests except to one another in the above-described property."
The deed was signed by Sarah J. Terrell, the vendor, and by only one of the vendees, Emma T. Jackson, now known as Emma T. Kirkland. Typewritten below Mrs. Jackson's signature was a statement that she accepted for herself and on behalf of all other vendees.
In the years that followed the execution of the deed, several inter family transfers of various interests in the land were accomplished. On November 30, 1977, appellant, Leo Terrell, sold his 3/12ths interest in the property to appellants, Paul Messenger and Janette Messenger. On that same date, appellants, Lena T. Jones and Steese K. Britton, a/k/a Annie S. Britton and Emma T. Kirkland, sold their combined interest in the property to appellants, Paul Messenger and Janette Messenger. Subsequently, in March of 1978, the Messengers sold their one-half interest in the land to appellant, Pioneer Realty Co., Inc.
*1244 Sarah J. Terrell, the original vendor of the property, died on February 15, 1978.
Plaintiffs-appellees filed a Petition for Annulment and other relief. The cause of action arose out of the execution of the two separate cash sales dated November 30, 1977. The basis of the petition was that the restrictive covenant contained in the Act of Sale from Sarah J. Terrell to her children and grandchildren placed a limitation upon alienation of the property.
After hearing all of the evidence and reviewing the post-trial memorandums submitted by counsel, the trial judge concluded the following:
"... that Mrs. Sarah J. Terrell wanted her property to remain in the joint ownership of her descendants during her lifetime and also for as long as anyone of her descendants was interested in owning the property. This was her old home place where she had lived for many years and had reared her children. She had a special love for this land and she provided that if the land was to be sold it should be offered to the co-heirs. If none of the co-heirs was interested in buying it, then it could be offered to any third person. The testimony at the trial further led the Court to find as a matter of fact that all of the descendants of Mrs. Terrell knew of this limitation on the alienation of the property and agreed to it even though only one of them actually signed the deed. The evidence produced at the trial of this case further leads the Court to find, as a matter of fact, that the plaintiff, Edward Terrell, was at all times ready, willing and able to purchase the property in question from his co-heirs at the same price for which it was sold to Paul E. Messenger and Janette L. Messenger."

ASSIGNMENT OF ERROR # 1
Appellants urge that a clause in a deed which gives to all the vendees therein a right of first refusal to purchase immovable property for an unspecified period of time is contrary to public policy.
One of the most fundamental and deeply rooted principle of law in this state, and almost all civil law jurisdictions, is that it is contrary to public policy to restrict property from the stream of commerce for an indefinite period of time. Gueno v. Medlenka, 238 La. 1081,117 So.2d 817 (La.1960). After this principle is recognized it becomes essential to determine when a restriction on immovable property is contrary to public policy and thus void, and when such a restriction is valid.
In Queensborough Land Co. v. Cazeaux, 136 La. 724, 67 So. 641 (La.1915), guidance was provided in questions of public policy and restrictions on the alienability of immovable property. The Court made the following statement as to the validity of such restrictions:
"In Female Orphan Society v. Young Men's Christain Ass'n, 119 La. 287, 44 So. 15,12 Ann.Cas. 811, a condition of perpetual and total inalienability was held to be void as putting property out of commerce, and therefore against public policy, but between total and perpetual inalienability and partial and temporary inalienability there is a very wide difference. The insertion of a condition of the latter character is a matter of everyday occurrence, with challenge from no quarter. The question of how far such a condition will be sustained is dependent very much on the facts of each particular case. If the condition is founded upon no substantial reason but merely in caprice, and is of a character to tie up property to the detriment of the public interest, it will not be sustained; otherwise it will." Id. 67 So. at 643.
As is succinctly stated in the above quote, the court was of the opinion that a condition of perpetual and total inalienability would be held void as putting property out of commerce and therefore against public policy, but there is great latitude with respect to a condition resulting in partial and temporary inalienability of property. The covenant in question results in actually two restrictions. The first restriction prohibits the sale of the property to any outside *1245 party without first offering it for sale to the other original co-vendees at the same price. If none of the other co-vendees were interested in buying the property, then the individual desiring to sell would have been free to sell to any third person. This portion of the restrictive covenant does not even result in a partial or temporary inalienability. The second restriction is that the property cannot be conveyed to an outsider so long as the original vendor, Sarah J. Terrell, is alive. This portion of the restrictive covenant alone does not result in perpetual and total inalienability, but only in partial and temporary inalienability. Following, the death of Sarah J. Terrell, the co-vendees could have sold at anytime they desired simply by offering the property to the other co-vendees at the same price for which they desired to sell to a third person. Therefore, we conclude the covenant in question is not against public policy.

ASSIGNMENT OF ERROR # 2
Appellants urge that the covenant in a deed which by its express terms is an agreement between the named vendees has to be signed and consented to by the parties it purports to affect. Appellants argue that the covenant is without legal effect because Emma T. Jackson (Kirkland) had no specific power of attorney to act on behalf of the other co-vendees and in the absence of such, the covenant is null and void.
It is the contention of the appellees that Emma Jackson's authority or lack of authority to sign this cash sale deed on behalf of the co-vendees is immaterial. They contend the restrictive covenant was placed in the deed at the direction of the vendor, Sarah J. Terrell, and thus it would have been just as binding upon the vendees even if none of them had signed the Act of Sale.
The trial court found that the restrictive covenant in question was placed in the deed at the request of the vendor because of her desire to keep the home place in the ownership and possession of her children for so long as any one of the children desired to have it. Further, the trial court found that this restrictive covenant was placed in the deed with the acquiescence, consent and agreement of all of the co-vendees. Upon our review of the record, we cannot find that the trial court was erroneous in this determination of facts.
It is well established that property may be acquired without the signature of the vendee, if the vendee goes into civil or corporeal possession. Franks v. Scott, 191 So. 175 (La.App. 1st Cir.1939). After a review of the evidence, we conclude the covenant in question was a condition of the sale bargained for and agreed to by Sarah J. Terrell and the original vendees. The fact that Leo Terrell, Lena T. Jones, Steese Britton and Emma T. Kirkland attempted to sell their interest in the property to Paul Messenger, is evidence that they accepted the deed by which they acquired their ownership interest and the conditions therein. In addition, they paid to their mother, Sarah J. Terrell, the cash consideration set forth in the deed of acquisition.

ASSIGNMENT OF ERROR # 3
Appellants allege that the trial court erred in failing to hold an alleged right of first refusal to be invalid where there is no acceptance of the agreement on the face of the public records. Appellants cite the case of McDuffie v. Walker, 125 La. 152, 51 So. 100 (La.1909). This case stands for the principle that agreements or restrictions affecting immovable property not recorded in the public records shall be null and void except between the parties thereto.
We agree that the principle enunciated in McDuffie is correct. However, we conclude the restrictive covenant was properly recorded in the conveyance records. The appellants relied on the act of sale which was recorded in the public records when they transferred the property. They cannot pick and choose those portions of the act of conveyance which they choose to recognize and disregard other portions of the act of conveyance. Therefore, we conclude that the appellants had knowledge of the restrictive covenant which clearly appears on the face of the deed and is recorded in the conveyance records of Natchitoches Parish.

*1246 ASSIGNMENT OF ERROR # 4
Appellants argue that a right of first refusal agreement is subject to a maximum term of ten years. Appellants admit there is no law that addresses this issue. Due to this fact, appellants urge this court to apply equity as provided in LSA-C.C. Article 21.
The Supreme Court has discussed right-of-first refusal in two cases; Price v. Town of Ruston, 171 La. 985, 132 So. 653 (La. 1931), and Crawford v. Deshotels, 359 So.2d 118 (La.1978). In both cases, the Supreme Court did not establish a time limitation upon which a covenant of this nature could exist.
Therefore, we find no merit in appellants' argument.

ASSIGNMENT OF ERROR # 5
Appellants argue that the trial court erred in rejecting their request for leave of court to file an amended answer raising the affirmative defense of estoppel.
LSA-C.C.P. Article 1151 provides the rule regarding the amendment of an answer. It states, in part, the following rule:
"A defendant may amend his answer once without leave of court at anytime within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by the written consent of the adverse party."
The standard by which we must review the denial of the court to amend the answer is whether the trial court abused its discretion. Calvary Tabernacle v. Louisiana Central Bank, 384 So.2d 814 (La.App. 3rd Cir. 1980). In permitting an amendment, the most important consideration is whether the opponent is unfairly prejudiced. Some courts have suggested that prejudice may be cured by a continuance. The curative effect of a continuance must be balanced against the prejudice caused by the delay, expense and confusion of a continuance. 43 Tulane Law Review 211 (1969).
Appellants filed their original answer on June 9, 1980. On January 26, 1982, appellants filed a supplemental and amending answer to assert the plea of estoppel. This cause of action came to trial on January 27, 1982, at which time the trial court denied the right to supplement and amend the answer. The trial court's reasons are as follows:
"Discovery procedures have been available to defendants at all times, and this lawsuit is more than three years old, having been filed sometime in 1978. Therefore, it would be improper at this time to raise a new defense. It would be unfair to the plaintiffs at this time to raise this new defense by a pleading filed the day before trial."
We cannot find that the trial judge abused his discretion in denying the appellants' amendment.

ASSIGNMENT OF ERROR # 6
Appellants' final argument is that the trial court erred in recognizing Edward Terrell's right to specific performance. They contend the trial court enforced the agreement as a real, as distinguished from a personal right of action. They argue if this agreement is valid, it must be enforced as a personal right entitling the appellees only to a cause of action for damages and not to specific performance of the agreement.
The trial court's judgment was based primarily on a recent case holding that a clause in an act of sale giving rise to a right of first refusal is both valid and binding so that where a defendant did not allow to plaintiff a right of first refusal, but instead sold to a third party, plaintiff was entitled to demand specific performance. Crawford v. Deshotels, supra. Appellants argue that the holding in Crawford is incorrect due to the fact that the issue of whether specific performance is a proper remedy was not raised. We disagree.
Restraints of limited duration imposed by persons having substantial interest are valid and enforceable against any acquirer of the land with notice. Queenborough Land Co. v. Coyeaux, supra. Therefore, we conclude the primary basis of the holding in Crawford, supra and Price v. Ruston, supra, a case on which Crawford is *1247 based, is that the obligation to perform is neither a real or personal obligation in the traditional civil precept. Rather, the obligation is a sui generis real right. A.N. Yiannopoulos, Louisiana Civil Law Treatise, Predial Servitude, Vol. 4, 320 (1983).
In view of the prior jurisprudence and treatment of this issue by a recognized scholar, we hold that the appellant had sufficient notice of the covenant by virtue of the public record doctrine and therefore, specific performance is a proper remedy.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.