492 So.2d 521 (1986)
Roland ROBICHAUX, et ux, Plaintiffs-Appellees,
v.
Verla Lavergne BOUTTE, et al, Defendants-Appellants.
No. 85-689.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1986.
Rehearing Denied August 13, 1986.
Writ Denied November 7, 1986.
*522 Emile J. Duchamp, St. Martinville, for defendants-appellants.
Hannah & Kaufman, David M. Kaufman, and William Ziegler, Lafayette, for plaintiffs-appellees.
Before STOKER, YELVERTON and BERTRAND,[*] JJ.
STOKER, Judge.
The essential question in this case is whether a vendor of immovable property granted the vendees a right of refusal or an option to purchase certain other property as a part of the conveyance.
The defendants, Lance F. Gauthier and Madeline Champagne Gauthier, appeal a judgment of this court overruling their peremptory exceptions of liberative prescription and nonjoinder of indispensable parties and the granting of the plaintiffs' motion for partial summary judgment. We affirm the judgment of the trial court.

FACTS
By credit deed dated May 19, 1966, the defendant, Verla Lavergne Boutte (now deceased), conveyed to the plaintiffs a 50.83-acre tract of land on Louisiana Highway 347 in St. Martin Parish. In addition to that conveyance of property, the deed provided as follows, that:
"It is understood and agreed that should Vendors and their heirs, at any time in the future, desire to sell and convey the *523 property on which is presently situated their residence and shown on Plat annexed to this sale as `Mrs. George Boutte', that Vendee and his heirs are to be given the first preference in the purchase thereof, that is, upon determination of said sale, the same shall be offered to Vendee and/or his heirs for an amount equal to the highest bonafide [sic] offer received by Vendor and Vendee and his heirs, to be given a period of ten (10) days in which to notify Vendor that they desire to purchase said property at the offered price and upon a rejection of said offer to sell Vendors are not to convey the same at a lesser price without again offering the same to Vendee or his heirs."
Mrs. Boutte also conveyed to plaintiffs any right of repurchase which she may have had with regard to certain property conveyed earlier to Junius Willis. Both the vendor's residence property and the Junius Willis' property consist of tracts located partially in front of the property sold to plaintiffs. Acquisition of either or both of these tracts would increase plaintiffs' frontage.
The consideration recited in the sale was the sum of $30,000, of which $7,000 was paid in cash with the remainder to be paid in 12 consecutive annual installments.
On March 15, 1979 the plaintiffs received a letter from Mrs. Boutte by certified mail which read in pertinent part as follows:
"I have this day received an offer from Mr. Lance Gauthier to purchase my present residence on the terms and conditions as are contained in his letter offer, a duplicate original of which I enclose herewith. As you recall, and in my sale to you of other property owned by me dated June 19, 1966, recorded same date, in Book 546, Folio 363, under No. 135672 of the Conveyance Records of St. Martin Parish, Louisiana, I had agreed that I would not convey my residence to anyone before offering the same to you under the terms and conditions of the highest bonafide [sic] offer which I may receive. I have made no determination to dispose of this property, however, in view of the offer received, you are requested to advise in writing and within ten (10) days as provided for in the above mentioned sale, whether you would be interested in purchasing my property described in said offer for the price and under the terms and conditions set forth in Mr. Gauthier's offer."
The letter was signed by Mrs. Boutte and a copy of the signed offer from Mr. Gauthier was attached.
The plaintiffs did not respond in writing to this letter. On March 28, 1979 Mrs. Boutte sold the property to her nephew, Lance Gauthier, for the stated sum of $20,000, of which $14,000 was paid in cash with the remaining sum due to be paid in 12 semi-annual installments of $500. This balance due was evidenced by a promissory note in the amount of $6,000. In the contract of sale Mrs. Boutte reserved in her favor a usufruct over the property; and the defendants agreed to maintain and repair the property while she and her husband lived there.

PLEADINGS AND PROCEDURAL HISTORY
Thereafter, on March 13, 1980 the plaintiffs filed a petition seeking to have the sale to the Gauthiers rescinded and demanding specific performance of their right of first refusal. The defendants filed an exception of no cause of action which was dismissed. An application for supervisory writs was then made to this Court which was denied. Plaintiffs then filed a supplemental petition seeking damages for inconvenience, mental and physical pain and anguish and disappointment. The defendants reconvened for the same items of damages, but their demand was dismissed on the basis of its prematurity.
Numerous other motions and exceptions were filed with regard to discovery, some of which will be discussed herein. Ultimately, the plaintiffs filed a motion for partial summary judgment limited to the issues of rescission and specific performance. The trial court's granting of the *524 partial summary judgment is the subject of this appeal. After the trial court rendered judgment in favor of the plaintiffs and dismissing the defendants' motion, the defendants filed a motion for rehearing. Defendants also filed peremptory exceptions of prescription and nonjoinder of indispensable parties. The motion for rehearing was granted, but the trial court maintained its judgment in favor of plaintiffs. The exceptions filed by defendants were dismissed by the trial court.

ISSUES ON APPEAL
The issues presented in this appeal are substantially as follows:
1. Was the trial court correct in granting plaintiffs' motion for partial summary judgment;
2. Was the right of first refusal subject to a plea of 10 years liberative prescription; and,
3. Were the heirs of Verla Boutte indispensable parties to this litigation.
Defendants-appellants discuss numerous other issues, which are factual in nature. In light of our affirmance of the trial court's granting of the partial summary judgment, only brief reference will be made to those issues.

THE RIGHT OF FIRST REFUSAL
The trial court's ruling on the validity of the right of first refusal was correct. Defendants maintain that the right granted to the plaintiffs was an option unsupported by consideration, having no specified term, and was therefore invalid as not in accord with LSA-C.C. art. 2462. We disagree with that contention. In dealing with the very same argument in Crawford v. Deshotels, 359 So.2d 118, 121-22 (La.1978), the Supreme Court said:
"Relator's second contention is that, even if the agreement between McDaniel and Crawford is founded upon a valid consideration, the portion of that agreement here at issue, an option, is invalid on other grounds.
The clause of the contract or quitclaim is fully related hereinabove. Pertinently it provides:
"if ever a bona fide offer is made and should [McDaniel] desiring to sell ... [she] is herein obligated to offer to [Crawford] the first chance to buy same at the bona fide offer."
Relator contends that the agreement cannot be enforced because it is an option in perpetuity and contrary to the public policy of Louisiana as expressed in Article 2462 of the Civil Code. That article provides:
A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.
One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party, [emphasis provided]
This Court has applied Civil Code Article 2462, when pertinent, and held void an option for an indefinite time. Becker and Assoc., Inc. v. Lou-Ark Equipment Rental Co., Inc., 331 So.2d 474 (La.1976); Bristo v. Christine Oil & Gas Co., 139 La. 312, 71 So. 521 (1916); Clark v. Dixon, 254 So.2d 482 (La.App.3d Cir.1971).
The article and the jurisprudence on which relator relies, however, are not applicable here, for there is not here following "the purchase of such option" or in this case entry of the contracta continuing right or option to accept (or reject) an extant offer or promise to sellas contemplated by Article 2462. Rather there is here what is more commonly described as a right of first refusal, *525 or as the contract says, a right to be afforded a "first chance to buy" at a price equal to any bona fide offer which McDaniel should receive and be interested in accepting. Thus, the stipulated time requirement of Article 2462 is not applicable.
The only case in the jurisprudence directly on point is Price v. Town of Ruston, 171 La. 985, 132 So. 653 (La.1931) wherein this Court rejected a contention similar to relators' with the following language:
"There is no merit in the appellant's argument that the option was null for want of a stipulation limiting the time within which it might be exercised. The stipulation limiting the time was that the option would be available whenever the Elks' Lodge might desire to sell the property, meaning whenever it might become necessary for Mrs. Price or her heirs or assigns to prevent the title to the third story of the Price building from passing to someone else." 171 La. at 993, 132 So. at 656.
For the foregoing reasons there is no merit to relator's contention that the pertinent clause of the contract is null and void in violation of Civil Code Article 2462."
See also Keene v. Williams, 423 So.2d 1065 (La.1983) and Terrell v. Messenger, 428 So.2d 1241 (La.App.3d Cir.1983), writ denied, 433 So.2d 709 (La.1983).
As the trial court correctly noted, the right granted to plaintiffs did not involve a "continuing offer to sell." It was rather a unilateral promise by the grantor not to accept any offer made to her for purchase of the property without first offering it to plaintiffs. Therefore, Mrs. Boutte could decide at anytime to sell and was obligated only to offer the property to the plaintiffs first at the same price which a third person was willing to pay by way of a bona fide offer.
The trial court in its reasons for granting a partial summary judgment said:
"Defendants argue that Mrs. Boutte of legal necessity used the language in her letter of March 14, 1979 that `I have made no determination to dispose of this property', because she was legally precluded from making such determination until she determined whether Mr. Robichaux would accept her offer. That is simply not so. She certainly could have determined to sell the property; it is only that she could not determine to sell it to defendants until she learned whether or not Mr. Robichaux would exercise his right. All Mrs. Boutte would have had to do was substitute the letter `a' for the word `no' in the above-quoted language to insure a document which unquestionably would have passed legal muster.... had Mr. Robichaux responded affirmatively, the matter might still have ended up in court because, had Mrs. Boutte then refused to sell to him, he might have sued to enforce his right. In such event, the undersigned would have held for Mrs. Boutte, concluding that the language of her letter did not obligate her to sell to anyone, so that she was not bound by Mr. Robichaux's affirmative response."
Professor Saul Litvinoff in his article Offer and Acceptance in Louisiana: A comparative Analysis: Part IOffer, 28 La.L.Rev. 1, 3 (1967), discussed the elements of an offer. He said:
"An offer is a proposal to do something or to refrain from doing something in return for a counter-promise, an act, or forebearance. To be considered properly as such, the offer must fulfill the following three requirements clearly established in the Louisiana Civil Code:
"(a) The design to give the other party the right of concluding the contract by his assent.
"(b) The offeror's intention to obligate himself.
"(c) A serious intent.
"When requirement (a) is absent, the proposition cannot be considered an offer, but an invitation to negotiate, or an expression of willingness to receive an offer from the other party. The intention required under (b) must be that of *526 creating a legal obligationand not one in the moral sense or a duty in conscience. Requirement (c) will exclude, as a real offer, a proposition made in jest, as a part of a game, or at the peak of an argument. It is, however, necessary that the joke or game be in accord with the circumstances or usages; otherwise, if the addressee of such a proposition could have reason to assume it to be a real offer, his acceptance would create a contract." (Citations omitted.)
Analyzing Mrs. Boutte's letter in light of these requirements, we agree that the letter contained no offer to the plaintiffs. Because she stated that she had made no determination to sell, the plaintiffs could not have bound Mrs. Boutte to sell by treating the letter as an offer and responding to it with a written acceptance. It was clear from her statement that she did not intend to obligate herself to sell her property at any amount. The letter did not contain a serious intention to be bound or to contract with the plaintiffs. The proposal sent by Mrs. Boutte to plaintiffs did not firmly reflect the intent of the author to enter into a contract. See Eames v. James, 452 So.2d 384 (La.App.3d Cir.1984), writ denied 458 So.2d 123 (La.1984) and Terrebonne v. Louisiana Ass'n of Educators, 444 So.2d 206 (La.App. 1st Cir. 1983), writ denied, 445 So.2d 1232 (La. 1984).
The trial court went on to say in its reasons for judgment that:
"`Agreements legally entered into have the effect of laws on those who have formed them. They cannot be revoked, unless by mutual consent of the parties, or for causes acknowledged by law. They must be performed in good faith.' LSA-C.C. art. 1901.
"The right of first refusal is referred to in the civil law as a `pacte de preference' (right of pre-emption). Language used by authorities indicates clearly that a firm offer to sell by the obligor must be made before any obligation attaches. See Litvinoff, Louisiana Civil Law Treatise, Obligations, Book 2, Secs. 104 and 108. Note especially the following language at p. 188:
"`A "pacte de preference" is certainly not a sale since the prospective vendee's consent cannot exist until the vendor offers to sell him the thing.' (emphasis added)
and
"`In regard to contractual requirements... a pacte de preference is governed by the same rules as unilateral promises of sale.' (emphasis added)
"Acceptance of the offer creates a binding obligation. LSA-C.C. art. 1803. While there was no acceptance in the instant matter, there can be no acceptance until there is an offer, and no offer was made by Mrs. Boutte herein."
The defendants sought to show by affidavits what Mrs. Boutte's intentions were with reference to any contemplated sale of the property. The affidavits were given by third parties and the trial court rejected them as hearsay. Mrs. Boutte had died in the meanwhile. However, even if she had not been deceased, and even though the matter came up on motion for summary judgment, Mrs. Boutte's alleged intentions are not material. Her letter was so explicitly worded that, assuming parol evidence would have been admissible to contradict it, her supposed intent could not have altered the plain import of her letter declarations.
The cases of Price v. Town of Ruston, 171 La. 985, 132 So. 653 (1931); Crawford v. Deshotels, 359 So.2d 118 (La. 1978); and Terrell v. Messenger, 428 So.2d 1241 (La.App.3d Cir.1983), writ denied 433 So.2d 709 (La.1983), all dealing with breaches of contracts granting a right of first refusal, indicate that specific performance is the appropriate remedy in such cases. The trial court was correct in ordering specific performance.
We discern from the record that the trial court determined that a partial summary judgment would be advantageous to all *527 parties, because it would settle the issues of rescission of sale and specific performance before the court proceeded to consider other issues. As we have noted, Mrs. Boutte is deceased and her heirs have transferred their rights to the defendants. No provision has been made to condition any transfer to plaintiffs upon tender of payment by plaintiffs to defendants. All that the trial court's judgment provides for is rescission of the sale from Mrs. Boutte to defendants. Tr. 359-360. Defendants are the only parties who may now transfer the property to plaintiffs unless the trial court makes provision for transfer in a judgment. As this case will go back to the trial court for completion of this litigation, we will not attempt to deal with them or make the appropriate provision. We direct that the trial court give consideration to these matters upon remand.

PRESCRIPTION
Alternatively, appellants argue that the right of first refusal is subject to a plea of 10 years liberative prescription as defined in LSA-C.C. art. 3447. The Civil Code defines three types of prescription in Article 3445: acquisitive, liberative, and prescription of nonuse. Liberative prescription operates to bar certain actions as a result of the inaction of those persons possessing a right of action for a period of time. For liberative prescription to be operative, a right or cause of action must exist in order for prescription to run.
Appellants contend that the plaintiffs had 10 years within which to exercise their right of first refusal. The only opportunity in favor of the plaintiffs to exercise the right would arise upon Mrs. Boutte's determination to sell. Accordingly, there was no action for them to enforce until such time as Mrs. Boutte made a determination to sell, and they were not accorded the right of first refusal.
The trial court was correct in relying on Orleans Parish School Board v. Pittman Construction Company, 261 La. 665, 260 So.2d 661 (1972) and Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975) as authority for the overruling of the defendants' exception of prescription. The trial court stated in its reasons for judgment:
"[T]hat until a right of action accrues, the prescription period doesn't start running. This right of first refusal was granted in 1966. Obviously, the Plaintiffs in this case didn't have a right to bring an action based on it in 1967 or in 1969. So, for that reason, the prescriptive period could not have begun at those times. The cause of action accrued on March 14, 1979 [sic] when Mrs. Boutte sold the property involved. The instant litigation was filed March 13, 1980, less than a year after that. That was within the prescriptive period."
We find defendants' prescription argument to be without merit.

INDISPENSABLE PARTY ISSUE
The trial court found that the heirs of Verla Boutte were not indispensable parties and overruled the defendants' exception directed to that issue. We agree with the trial court.
The alleged indispensable parties had conveyed their rights in this litigation to the remaining defendants, the Gauthiers. A certain document styled Sale and Agreement With Power of Attorney was entered into between Mrs. Boutte's heirs and the defendant, Lance Gauthier, on January 12, 1981. This instrument was recorded in the Conveyance Records of the Clerk of Court for St. Martin Parish. By that act the heirs did:
"Grant, Bargain, Sell, Convey, Transfer, Assign, Set-over and Deliver to and unto LANCE F. GAUTHIER, the husband of Madeline Champagne, with whom he lives and abides, of lawful age, whose mailing address is Rt. 3, Box 842, St. Martinville, Louisiana 70582, domiciled in and a resident of the Parish of St. Martin, Louisiana, who is the nephew of Decedent, Mrs. Verla Lavergne Boutte, (hereinafter referred to as Purchaser, Obligor or Agent), who is here present [sic] accepting [sic] purchasing and acquiring *528 for himself, his heirs, successors and assigns and acknowledging delivery hereby of all of the assets, rights, rights of action, defenses to pending suits and claims, which belonged to the Decedent, Mrs. Verla Lavergne Boutte [sic] and which she died possessed of and now belonging to her estate...."
The act goes on to list the assets of Mrs. Boutte's estate with particularity.
It is apparent from a reading of the instrument that Mrs. Boutte's heirs relinquished all claims and interests in and to her estate. They can therefore have no possible interest in the estate which would require that they be joined in the instant suit for an equitable and proper adjudication of this matter.
This argument is without merit.

OTHER ISSUES
As to the other issues concerning the use of parol evidence briefed by the defendants, we find that the trial court's rulings as to these issues were correct, but the facts sought to be established were irrelevant to a determination of the issues of law involved in this case and presented no genuine issue of material fact warranting discussion herein.
Additionally, defendants have appealed the trial court's denial of their own motion for summary judgment. LSA-C.C.P. art. 968 provides in pertinent part that:
"An appeal does not lie from the court's refusal to render any judgment on the pleadings or summary judgment."

CONCLUSION
Accordingly, the judgment of the trial court in favor of the plaintiffs, Roland Robichaux and Ida Judice Robichaux, and against defendants, Lance F. Gauthier and Madeline Champagne Gauthier, overruling the exceptions of liberative prescription and nonjoinder of indispensable parties and denying the motion for rehearing on the judgment granting plaintiff's motion for partial summary judgment and denying defendants' motion for summary judgment is hereby affirmed. This case is remanded to the trial court for further proceedings.
The costs of this appeal are assessed against the appellants.
AFFIRMED AND REMANDED.
NOTES
[*] Lucien C. Bertrand, Jr. of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.