MARY ANN VIAL LEMMON, Judge Pro Tem.,
dissenting.
An allegation of a contract of deposit in a reconventional demand to dealer’s petition for storage fees is impliedly an alternative plea. To construe such a pleading as a judicial admission is allowing form to prevail over substance. See C.C.P. 5051. Moreover, only facts may be judicially admitted, and status as a depository is a mixed conclusion of fact and law. In Crawford v. Deshotels, 359 So.2d 118 (La.1978) the Supreme Court of Louisiana held that even where a litigant implicitly acknowledged the invalidity of a contract in certain pleadings, that acknowledgment was simply not explicit enough to constitute a judicial confession where there was no reliance or detrimental change of position based on the alleged confession.
Even if buyer has admitted in his recon-ventional demand the existence of the contract of deposit, no date of the deposit is alleged in those pleadings, and it is reasonable to conclude under the circumstances that the tacit acceptance of the contract of deposit did not occur until the redhibitory action was concluded and the car was allowed to remain in dealer’s possession.
However, I do not agree that buyer admits the contract of deposit in his reconven-tional demand. The context in which buyer uses the term “depositary” is not in the sense of a compensated depository, but as one to whom a tender had been made in a redhibitory action. In his motion for an inspection of the automobile, filed December 5, 1988 buyer refers to “the statutory-necessary depositary in the action in redhi-bition out of which this action grows ...” This language makes it clear that the buyer was under the impression that actual tender is required to pursue a redhibitory action.
Initially, when buyer delivered possession of the car to dealer, buyer intended a tender of the automobile in his redhibitory action. Buyer persistently denied dealer’s offer to enter into a contract of deposit.
If the defect had been found redhibitory, dealer would not have been entitled to a fee for the storage of a car it owned. It simply would have kept the car which had previously been tendered. Arguably, if buyer would have kept the car and used it during the pendency of the redhibitory ac *1118 tion, it could have been faced with a claim for the depreciated value of the car during his use or relegated to an action in quantum minoris because of his continued use. See Walkin v. Piotrowski, 448 So.2d 173 (La.App. 5th Cir.1984). Likewise, the dealer had an interest in maintaining the automobile in good condition for a future sale in the event the redhibition were granted.
The redhibitory action resulted in an award of a reduction in price. At the . time that judgment became final, buyer should have reclaimed his car and collected his refund of a portion of the purchase price. Because the dealer refused to pay the judgment and employed the self-help of a set-off on his alleged contract of deposit, no storage fee was appropriate at least until the date dealer paid the judgment.
I respectfully dissent.