EDWARDS, Judge.
Plaintiff, Bernice Martin Travis,[1] appeals a district court judgment maintaining defendants’ exception of prescription and dismissing her action with prejudice.
Plaintiff and her two sisters, Laura Felker and Francis Robbins, inherited a certain parcel of property from their parents. On May 15, 1959, plaintiff sold her interest in the property to John and Laura Felker for the sum of “One Hundred Dollars and other considerations.” The deed by which plaintiff conveyed the property contained the following clause:
“It is understood and agreed that the Vendor (Mrs. Bernice Martin Travis) has the right to buy her interest back if ever sold; for the full sum and amount not to exceed $4000.00.”
Plaintiff filed the instant action on May 25, 1979, seeking a declaratory judgment declaring her to be owner of a one-third undivided interest in the property. Named as defendants were Francis Robbins; the heirs and the succession administrator of John and Laura Felker; and William Hatcher, who had purchased an interest in the property from one of the Felker heirs. Plaintiff’s petition asserted that her right of redemption, reserved in the 1959 deed, was made executory on April 16, 1979, when the succession administrator made application to sell an undivided one-third interest in the property. It also alleged that *1224 the right to repurchase had been activated by the April 23, 1979, sale of an interest in the property to William Hatcher. Plaintiff sought recognition of her right of redemption and requested a declaratory judgment decreeing her to be the owner of a one-third undivided interest in the property upon her payment of the sum of $4,000.00. Alternatively, plaintiff alleged that she did not receive the consideration set forth in the 1959 deed, except for the $100.00 mentioned therein, and requested that the deed be voided and declared null for lack of consideration.[2]
On August 20,1980, Francis Robbins filed a peremptory exception of prescription. On August 25, 1980, the remaining defendants filed a peremptory exception of prescription. The matter was submitted on briefs, and on April 22,1982, the trial court signed a judgment sustaining defendants’ exception and dismissing plaintiff’s suit. Plaintiff has suspensively appealed that judgment.
Plaintiff’s petition made two claims. First, she sought to invoke the right to repurchase the property reserved in the 1959 deed. Alternatively, she sought to have that deed declared null and set aside for lack of consideration. The trial court concluded that both of these claims had prescribed. Since no reasons for judgment were given, we assume that the court relied upon defendants’ arguments.
Plaintiff’s alternative demand will be considered first. By that claim, plaintiff sought to have the deed set aside and declared null and void for lack of consideration. LSA-C.C. arts. 2221 and 3542 provide, in part, as follows:
“Art. 2221. In all cases in which the action of nullity or of rescission of an agreement or contract is not limited to a shorter period by a particular law, that action may be brought within ten years.”
“Art. 3542. The following actions are prescribed by five years:
“That for the nullity or rescission of testaments or other acts.”
At the time that plaintiff’s action was filed, those articles provided as follows:
“Art. 2221. In all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by [a] particular law, that action may be brought within ten years.”
“Art. 3542. The following actions are prescribed by five years:
“That for the nullity or rescission of contracts, testaments or other acts.”
Under the above cited articles, either a five or ten year prescriptive period applies to plaintiff’s action to have the 1959 deed declared null. It is not necessary to decide which prescriptive period applies, because plaintiff’s action, filed twenty years after the deed was executed, was untimely under either period. The trial court correctly maintained defendant’s exception of prescription as to this alternative claim.
By her principal claim, plaintiff sought to invoke the right which had been reserved in the deed, to repurchase her interest in the property. Plaintiff’s petition referred to this as a “right of redemption.” Defendant’s exception of prescription relied upon LSA-C.C. art. 2568, which provides as follows:
“The right of redemption can not be reserved for a time exceeding ten years.
“If a term, exceeding that, has been stipulated in the agreement, it shall be reduced to the term of ten years.”
The trial court apparently relied upon this article in maintaining defendants’ exception of prescription.
We conclude that the trial court erroneously relied upon article 2568 in maintaining defendants’ exception. Article 2568 is inapplicable because plaintiff’s rights under the 1959 deed do not constitute a “right of redemption” as that term is used by the Louisiana Civil Code.
A right of redemption, or vente a remere, is defined by LSA-C.C. art. 2567 as follows:
*1225 “The right of redemption is an agreement or paction, by which the vendor reserves to himself the power of taking back the thing sold by returning the price paid for it.”
An essential element of the right of redemption is that the vendor can take back the thing sold “by returning the price paid for it.”
In the instant case, plaintiff’s right to repurchase the property is not dependent upon her returning the price paid. The price set forth in the 1959 deed was “One Hundred Dollars and other considerations.” In order to repurchase the property, plaintiff is required to pay the sum of $4,000.00. The price for repurchase is totally disproportionate to the original purchase price.[3] Whatever rights plaintiff may have under the 1959 deed, they are not embodied in the principle of the right of redemption as set forth in the Louisiana Civil Code. Thus, the trial court erred in relying upon LSA-C.C. art. 2568. The trial court’s judgment sustaining the exception of prescription as to plaintiff’s attempt to exercise her right to repurchase must be reversed and the case remanded.
For the foregoing reasons, that portion of the district court judgment which maintained defendants’ exception of prescription with regard to plaintiff’s claim for repurchase of the property is reversed and the case is remanded for further proceedings consistent with the preceding opinion. The remainder of the district court’s judgment is affirmed. Costs of this appeal are assessed against defendants-appellees.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. Bernice Travis is the only plaintiff in this action, the “et al” in the petition caption is erroneous.

. In brief, plaintiffs counsel has attempted to argue beyond the pleadings that the $100.00 consideration was not paid.

. When, as in the instant case, the sum to be reimbursed is so inflated as to be out of proportion to the original purchase price, the transaction should not be treated as a sale with right of redemption. See generally The Work of the Louisiana Appellate Courts for the 1976-1977 Term — Sales, 38 La.L.Rev. 360, 367 (1978); and 2 Planiol, Civil Law Treatise nos. 1571 et seq. (La.St.L.Inst. transl. 1939).