482 So.2d 5 (1985)
Mrs. Bernice Martin TRAVIS
v.
The HEIRS OF John D. FELKER & Laura Bell Felker, et al.
No. 84-CA-1092.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
L.B. Ponder, Jr., Amite, for appellant.
Susan Dowden, Baton Rouge, and Hugh Sibley, Greensburg, for appellees.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Plaintiff appeals a district court judgment maintaining defendants' exception of prescription and dismissing her action. We reverse.
In 1959, plaintiff sold some property to her sister for the stated price of "One Hundred Dollars and other considerations." The act of sale also contained the following clause: "It is understood and agreed that the Vendor (Mrs. Bernice Martin Travis) has the right to buy her interest back if ever sold; for the full sum and amount not to exceed $4,000.00."
Plaintiff brought this action in 1979 to enforce that clause, alleging that one of her sister's heirs had sold part of the property and that the succession administrator had made application to sell another part of the property. The trial court concluded that the 1959 transaction was a sale with the right of redemption and that since that right can only be reserved for ten years, LSA-CC. art. 2568, her right of redemption had prescribed. Accordingly the trial court dismissed her action. On appeal we reversed and remanded, holding that the transaction was not a sale with the right of redemption. Travis v. Felker, 434 So.2d 1222 (La.App. 1st Cir.1983). We reasoned that since the right of redemption gives the vendor the right to "tak[e] back the thing sold by returning the price paid for it," LSA-CC. art. 2567, the transaction could not have been a sale with a right of redemption because the stated redemption price of $4,000 was much more than the price paid in the sale. Id. at 1225.
On remand the trial court took more evidence on the issue of the characterization of the sale. Upon defendant's questioning, plaintiff admitted at trial that the agreed upon sale price was actually $4,000 although only $100 was paid. Based on that the court again found that the transaction was a sale with a right of redemption, and again granted the exception of prescription. Once again plaintiff appeals, asserting *6 res judicata, i.e., the trial court should not have allowed evidence tending to prove that the sale was one with the right of redemption after this court had already held that the transaction was not a sale with the right of redemption. We find it unnecessary to deal with the question of res judicata because we conclude on other grounds that the court erred in sustaining the exception of prescription.
We must distinguish between redemption and the situation in which the vendee voluntarily resells the property to the vendor. "The right of redemption is an agreement... by which the vendor reserves to himself the power of taking back the thing sold by returning the price paid for it." LSA-C.C. art. 2567. The defeasible condition rests solely with the vendor, Patterson v. Bonner, 14 La. 214, 234 (1839); the vendee has no choice in the matter. The right of the vendor to demand the return of the thing he sold simply by returning to the vendee the price paid for it is a sine qua non of a sale with the right of redemption. Redemption is a resolutory condition which operates to dissolve the original sale. 2 M. Planiol, Treatise on the Civil Law pt. 1, no. 1574 (11th ed. La.St.L.Inst. trans. 1959). Thus although the vendee is the acutal owner of the thing until it is redeemend, his ownership is uncertain because of the existence of the redemption condition. Once the ten-year delay has run, however, without the seller having exercised his right to redeem the thing, the resolutory condition vanishes, and the buyer is then the irrevocable owner. LSA-C.C. art. 2568; Planiol, supra, no. 1581.
This resolutory condition of ownership follows the thing into the hands of all purchasers. Planiol, supra, no. 1577. Thus the vendor may even exercise his right of redemption against a second purchaser, whether or not that right was mentioned in the second sale. LSA-C.C. art. 2572.
The agreement at issue in this case does not give the vendor the unqualified right to demand the return of her property. Rather she has the right to buy back her interest "if ever sold." Because the plaintiff does not have this right to demand the return of her property, the sale was not one with the right of redemption regardless of whether the original sale price and the resale price were the same. This agreement simply gives plaintiff the right to buy back the property in the event that it is sold, that is, the right of first refusal.
Although we draw our conclusion from the language of the agreement itself, our conclusion is strengthened by the fact that the purpose of the sale in the instant case was inconsistent with the function of the sale with the right of redemption. The sale with the right of redemption is a means by which a person who needs cash can procure it by selling his property and yet retain the hope of getting his property back in the future. Indeed this system of credit was used for centuries before the establishment of the mortgage system. Planiol, supra, no. 1573. In the instant case, however, plaintiff sold the property to her sister in an effort to help her sister get enough collateral for a loan. Thus it was the buyer, not the seller, who needed money. And the agreement simply provided that if the property were ever sold, plaintiff had the right to buy it for $4,000.
The right of first refusal, or pacte de preference, is the option and preferred right to buy property from another if he ever decides to sell. Keene v. Williams, 423 So.2d 1065, 1069 (La.1982) (citing 2 S. Litvinoff, Obligations §§ 104, 108, at 187, 198, in 7 Louisiana Civil Law Treatise (1975)). The Supreme Court has held the right of first refusal enforceable as an option under article 2462 of the Civil Code despite arguments that it states no specified time and that it is contrary to public policy because it is a perpetual option. See Keene v. Williams, 423 So.2d at 1069, n. 2; Crawford v. Deshotels, 359 So.2d 118, 122 (La.1978); Price v. Town of Ruston, 171 La. 985, 132 So. 653, 656 (1931).
Accordingly the judgment of the trial court sustaining the exception of prescription is reversed and the case is remanded for further proceedings consistent with this *7 opinion. Appellees are cast for all costs of this appeal.
REVERSED AND REMANDED.