**RESOLUTION TRUST CORPORATION, in its Capacity as Receiver for San Jacinto Savings Association, F.A.**

v.

**CHARLES HOUSE CONDOMINIUM ASSOCIATION, INC.**

Civ. A. No. 93–3085.

United States District Court, E.D. Louisiana.

March 28, 1994.

Robert Stephen Rooth, Mary Beth Meyer, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Melvin A. Howry, [COR NTC] Resolution Trust Corp., Washington, DC, for plaintiff.

Randy Opotowsky, Steeg & O'Connor, New Orleans, LA, for defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is plaintiff's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

### Background

The RTC as Receiver is the successor-in-interest to San Jacinto Association.[1] San

---

[1] On November 29, 1990, the director of the Office of Thrift Supervision appointed the RTC as Conservator of San Jacinto. The RTC, by operation of law, succeeded to all rights and title to the Property at the time of its appointment as Conservator of San Jacinto. 12 U.S.C. § 1821(d)(2)(A). Soon thereafter, the director of the OTS replaced the RTC as Conservator with the RTC as Receiver of San Jacinto and created a new federal mutual savings association, San Jacinto Savings Association, F.A. and appointed the RTC as Conservator of the new institution. The RTC as Receiver for San Jacinto then entered into a Purchase and Assumption agreement with the RTC as Conservator for San Jacinto, F.A. by which substantially all the assets and certain specified liabilities of San Jacinto including the property here at issue were transferred to San

Jacinto was the holder of three promissory notes dated December 29, 1982 and executed by St. Charles Associates, a Georgia limited partnership, for the purchase of three single-family units in the Charles House Condominium. The three notes were in the amounts of $78,400 for the purchase of Unit No. 405, $82,400 for Unit No. 406, and $78,400 for Unit No. 407. The notes were secured by mortgages on the three condominium units. On June 1, 1989, St. Charles Associates transferred title to all three units to Old San Jacinto by an Act of Dation en Paiement,[2] the Louisiana relative of a "deed in lieu of foreclosure."

The property currently has appraised values of $47,500 for Unit 405, $49,500 for Unit 406, and $51,000 for Unit 407. Because the property has appraised values of $67,500 or less, plaintiff contends that the units must be sold in accordance with the Affordable Housing Program. 12 U.S.C. § 1441a(c)(9)(G); 12 C.F.R. § 1609.2(h) (1991). Plaintiff further contends that eligible single-family housing may be sold only to: (1) a qualifying household, or (2) a public agency, nonprofit or for profit organization that agrees to "make the property available for occupancy by and maintain it as affordable for lower-income families ... for the remaining useful life of such property, or (3) make the property available for purchase by any such [families]." 12 U.S.C. § 1441a(c)(2)(b). To qualify to purchase affordable housing property, a household, public agency, or nonprofit organization must certify in writing to the RTC that it is a qualifying purchaser as defined above. 12 C.F.R. § 1609.7(a)(2).

The RTC, as successor to Old San Jacinto, marketed the units through a real estate agent and accepted offers from three prospective purchasers.[3] As required by statute, and as a condition of the purchase agreement, each purchaser certified in writing that he or she was a qualifying purchaser. Plaintiff's efforts were held up, however, when the title company noted that the Charles House Condominium Declaration presented a potential impediment to the transfer of clear title by plaintiff. The Charles House Condominium Declaration provides that the Condominium Association has the right of first refusal to purchase a unit "upon the terms described in the notice of the proposed transfer." The statement of the Declaration says:

## XVIII TRANSFER OF UNIT

### (d) Association's First Option

(1) If Proposed Transfer is a Sale or Lease. If a Unit Owner proposes to sell or lease his Unit, or any interest therein, to any person or entity other than [designated family members] described in subparagraph (a) above, the Association shall have the right, at its option, to purchase or lease such Unit, or interest therein, from said Unit Owner ("the transferring party") upon the terms described in the notice of the proposed transfer which is given to the Association, in accordance with subparagraph (c) above.

The Condominium Association attempted to exercise its right of first refusal, notified the RTC of its desire to do so, and filed documents styled "Notices to Exercise First Option" in the Orleans Parish conveyance records. The RTC responded by asking the Condominium Association to furnish evidence that it was eligible to purchase the units under the Affordable Housing Disposition Program. The Condominium Association refused and reiterated its claim of right of first refusal without compliance with any statutory requirements.

Thereafter, the RTC filed its complaint for a declaratory judgment that the Condominium Association's contractual right of first refusal constitutes a cloud on the Receiver's title to the property. In addition, the RTC as Receiver requested a declaratory judgment that the Condominium Association's

---

Jacinto, F.A. Thereafter, on September 27, 1991, the director of the OTS replaced the RTC as Conservator of San Jacinto, F.A. with the RTC as Receiver for San Jacinto, F.A., plaintiff in this litigation.

**2.** The Act of Dation en Paiement was recorded in the Orleans Parish conveyance records at CIN 8759.

**3.** Plaintiff maintains that these purchasers continue to stand ready to purchase the properties and await the outcome of this litigation.

continuing attempts to exercise a contractual right of first refusal are invalid and unenforceable.

The RTC now asserts that it is authorized to transfer the units without the Condominium Association's consent or approval. 12 U.S.C. § 1821(d)(2)(G). The RTC further contends that the property must be disposed of in accordance with the Affordable Housing Program and implementing regulations. 12 U.S.C. § 1441a(c). Because the Condominium Association has not met the federal certification requirements necessary to qualify it to purchase the units, the RTC maintains that the Condominium Association is not a qualifying purchaser under federal law. The RTC stresses that the Association's assertion of a state law right of first refusal conflicts with federal law. From this, the RTC concludes that, as a matter of constitutional law, federal law preempts enforcement of the Condominium Association's contractual right of first refusal with respect to these particular sales, and the RTC is entitled to summary judgment.[4]

Defendant seeks to invoke outstanding issues of fact and unresolved legal issues that could preclude summary judgment. Defendant points out that: (1) the RTC's actions in this case deprive the Condominium Association of certain constitutionally protected property interests; (2) the RTC's actions deprive the Condominium Association of certain substantive due process rights; (3) the RTC is not the proper party-plaintiff; and (4) the Condominium Association's right of first refusal is underscored.

## I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

No genuine issue of fact exists if the record, taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249–50, 106 S.Ct. at 2511 (citations omitted). Summary judgment is proper if the party opposing the motion fails to establish an essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2514.

## II.

### A.

■ The first question for the Court is whether federal law preempts the defendant's contractual right of first refusal with respect to property at issue. Congress passed the statutory provisions at issue as part of FIRREA in 1989. Congress intended FIRREA as a response to the "emergency nature of the [thrift] ... crisis." H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess. 334 (1989), *reprinted in* 1989 U.S.Code Cong. & Ad.News 86, 87. The RTC's powers as conservator and receiver are "quite broad, in keeping with the emergent objectives of the statute," and include the powers to pre-

---

4. The RTC makes two alternative arguments. They assume that federal law does not render unenforceable the Association's right of first refusal. First it says that, as a matter of law, defendant's failure to match the terms and conditions of the original offer was not a binding exercise of the right of first refusal, but constituted a rejection of the offer and a counteroffer on different terms. Second, the RTC claims that the

Condominium Association does not have contracual right of first refusal because the Declaration exempts from the right of first refusal all sales of units acquired by mortgagees under a deed or assignment in lieu of foreclosure. Because the RTC did acquire the units in this fashion, RTC claims that it is entitled to summary judgment on its complaint. The RTC also observes that no "taking" has occurred.

serve and conserve assets and to liquidate and distribute the assets of failed thrifts. *See Rosa v. RTC*, 938 F.2d 383, 398 (3d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991). Examples of these broad powers include: the power to "transfer any asset ... without approval, assignment, or consent with respect to such transfer," 12 U.S.C. § 1821(d)(2)(G)(i)(II); and a provision that expressly and unambiguously prohibits courts from restraining or affecting the RTC as Receiver in the exercise of its powers and functions, 12 U.S.C. § 1821(j). These provisions alone control the result in this case.

"Congress is empowered to preempt state law by so stating in express terms." *California Fed. Savings & Loan Ass'n v. Guerra,* 479 U.S. 272, 280–81, 107 S.Ct. 683, 689, 93 L.Ed.2d 613 (1987). The Court finds that Congress has expressly preempted defendant's contractual right of first refusal in this case. 12 U.S.C. § 1821(d)(2)(G)(i)(II). The Court additionally finds that Congress has also prohibited any relief which would restrain the RTC from selling the units to third-party purchasers under the Affordable Housing Disposition Program. 12 U.S.C. § 1821(j). Accordingly, federal law renders unenforceable defendant's contractual right of first refusal and plaintiff is entitled to a declaratory judgment to that effect.

In light of this ruling, the Court need not consider plaintiff's alternative arguments.[5]

The Court must still address defendant's arguments that the RTC's actions deprive the Condominium Association of certain constitutionally protected property interests and that the RTC's actions deprive the Condominium Association of certain substantive due process rights; or that the RTC is not the proper party-plaintiff in this action.

### B.

 The Condominium Association's argument that 12 U.S.C. § 1821(d)(2)(G) unconstitutionally deprives it of due process is predicated on the incorrect assumption that the Association has a protectable interest in the units, when, in reality, the right of first refusal under Louisiana law is, at most, only a type of contract right which gives the party a preferred right to buy property if the seller decides to sell. *Travis v. Heirs of Felker,* 482 So.2d 5, 6 (La.App. 1st Cir.1985). Other courts have found that the right of first refusal creates no constitutionally protectable interest in property. *Kaiser Development Co. v. City and County of Honolulu,* 649 F.Supp. 926 (D.Hawaii 1986), *aff'd,* 898 F.2d 112 (9th Cir.1990), *amended and supersceded,* 913 F.2d 573 (9th Cir.1990), *cert. denied,* 499 U.S. 947, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991).

 Furthermore, this Court lacks jurisdiction over the affirmative defense of unconstitutionality under 12 U.S.C. § 1821(d)(13)(D). The statute requires one bringing a claim against the RTC as receiver of a failed institution to exhaust the process of administrative review before proceeding judicially. *Meliezer v. RTC,* 952 F.2d 879, 882 (5th Cir.1992). Other courts have recognized that affirmative defenses, including those that raise unconstitutionality, are claims within the meaning of the review process and are subject to administrative exhaustion requirements. *RTC v. Elman,* 949 F.2d 624, 627–28 (2d Cir.1991); *FSLIC v. Shelton,* 789 F.Supp. 1367, 1371 (M.D.La. 1992).

 Finally, the Court rejects defendant's argument that the RTC is not a proper party-plaintiff in this case. The Court agrees that the RTC as Receiver is the only party who may under the statutory scheme bring this suit.

Accordingly, plaintiff's motion for summary judgment is GRANTED.

---

**5.** Nevertheless, it seems instructive to say that one of RTC's alternative arguments also seems dispositive. The Declaration excludes rights of first refusal on units acquired by mortgagees under deed in lieu of foreclosure (Louisiana's "dation"). Bayou's argument in opposition is weak and seems to have no support in law.