911 So.2d 418 (2005)
Ray Oden YOUNGBLOOD, James Dee Youngblood, III, and Mary Anne Youngblood Shemwell, Plaintiffs-Appellants
v.
ROSEDALE DEVELOPMENT COMPANY, L.L.C., Defendant-Appellee.
No. 39,939-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2005.
J. Ransdell Keene, for Appellants.
Blanchard, Walker, O'Quinn and Roberts, by Paul M. Adkins, Shreveport, for Appellee.
Before BROWN, DREW, and LOLLEY, JJ.
BROWN, C.J.
Plaintiffs, Ray Oden Youngblood, James Dee Youngblood, III, and Mary Anne Youngblood Shemwell, filed this lawsuit for a declaratory judgment. Rosedale Development Company, LLC ("Rosedale"), was named as defendant. Defendant's predecessors purchased 15 acres out of an undeveloped 363-acre tract from plaintiffs. An option to purchase the remaining acreage provided a three-year term and that "a partial exercise (of at least 12 acres) or any subsequent partial exercise shall have the effect of extending this option for an additional (3) year period." Plaintiffs claimed that this provision created an endless stream of three-year extensions that is prohibited by law. A stipulation of facts *419 was agreed to by both sides. The trial court ruled in favor of defendant and plaintiffs have appealed. We reverse and render judgment reducing the term of the option to ten years.

Facts and Procedural History
Plaintiffs owned 363 undeveloped acres north of Bossier City off Airline Drive. On June 26, 1996, a group of developers purchased 15 acres for $12,000 per acre with the intent to build a residential subdivision. If successful, they contemplated buying more land from plaintiffs and eventually hoped to develop all of plaintiffs' land in stages. In furtherance of this plan, the developers obtained from plaintiffs an option to purchase the remaining 348 acres at the same price per acre adjusted by a change in the Consumer Price Index. The term of the option was three years; however, it provided for a partial exercise of the option as follows:
It is understood and agreed that Purchaser may exercise its option on a portion of the Optioned Property, provided however that no such partial exercise shall be for less than twelve (12) acres. Such a partial exercise or any subsequent partial exercise shall have the effect of extending this option for an additional three (3) year period from the closing date of the property upon which the option has last been exercised.
In December 1996, the developers assigned and transferred all their rights under the agreement to defendant, Rosedale. Over the next six years and within each three-year period provided for, defendant partially exercised the option four times, purchasing approximately 56 acres. The last purchase was on March 8, 2002. On April 21, 2004, defendant gave plaintiffs notice of its intent to again exercise the option and purchase an additional 16.23 acres of land. Plaintiffs refused to sell the land. On June 24, 2004, plaintiffs filed this petition to declare the option null. Defendant filed an answer and the parties submitted the case on a joint stipulation of facts.
In a written opinion, the trial court held that the right to extend the stipulated time period three years from each purchase of twelve acres or more was not in violation of Louisiana Civil Code article 2628, which limits any option contract for immovable property to a maximum term of ten years. The court noted that this article allows an exception for a contract that gives rise to obligations of continuous or periodic performance. Plaintiffs have appealed from this judgment.

Discussion
Because options to buy immovable property restrict the free flow of commerce, the legislature imposed as a contractual limitation a maximum term of ten years. Therefore, Louisiana Civil Code article 2628 provides:
An option ... that concerns an immovable thing may not be granted for a term longer than ten years. If a longer time for an option ... has been stipulated in a contract, that time shall be reduced to ten years. Nevertheless, if the option ... is granted in connection with a contract that gives rise to obligations of continuous or periodic performance, an option ... may be granted for as long a period as required for the performance of those obligations.
In this case, the exception is inapplicable. Never did the original purchasers of the first 15 acres of land, nor the defendant when it purchased land by means of the option to buy, obligate themselves to the development of the whole or any part of the 363 acres of land. There is no agreement or contract to the ultimate development by increments, nor any requirement of the defendant to purchase any *420 additional acreage. Since the contract to buy was not granted "in connection with a contract that gives rise to obligations of continuous or periodic performance," then it cannot fall into the exception stipulated in Louisiana Civil Code article 2628.
According to the clear language of the option at issue, unhampered by the ten year limitation mandated by Louisiana Civil Code article 2628, defendant could purchase 12 acres every three years until achieving complete ownership of the estate, thus leaving the last 12-acre plot out of the stream of commerce for approximately 73 years. Plaintiffs argue that this is beyond their life span, and it was not their intention when they made the contract to tie up the property beyond their natural lives. Plaintiffs cite the 1993 Revision Comments to Article 2620, which provides:
Under this Article, an option for a perpetual or indefinite term is null. See Crawford v. Deshotels et al., 359 So.2d 118 (La.1978); Becker and Assoc., Inc. v. Lou-Ark Equipment Rentals, Inc., 331 So.2d 474 (La.1976); Bristo v. Christine Oil & Gas Co., 139 La. 312, 71 So. 521 (1916).
The language and intention of the Louisiana Civil Code is clear and unambiguous on the issue of term limits for options to buy immovable property. In this case, the term provided in the contract was for three years, which could be extended every three years, well beyond the ten-year limitation. Louisiana Civil Code article 2628 states that if the term for a option to buy exceeds ten years, it shall be reduced to ten years. Plaintiffs, however, ask that the option be declared null and void. This would be a drastic measure that would not give any effect to the intent of the parties. We find that the trial court was in error when it failed to reduce the term of the option to buy to ten years, or June 26, 2006.[1]

Conclusion
For reasons set forth above, the judgment of the trial court is reversed.
IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be rendered declaring the option to purchase in favor of defendant, Rosedale Development Company, L.L.C., is valid for a term of ten years to expire on June 26, 2006. Costs are assessed one-half to plaintiffs and one-half to defendant.
REVERSED and RENDERED.
NOTES
[1] We note that both sides have asked for this result as an alternative to their primary positions.