NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-1158

CECIL C. MALONE AND LOIS M. HUFF

VERSUS

DAYLINE, INC.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-3449
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

**Glen A. James**
**1523 Cypress Street**
**Sulphur, LA 70663**
**(337) 527-6388**
**Counsel for Plaintiffs/Appellants:**
    **Cecil Malone**
    **Lois Huff**

**Richard D. Moreno**
**E. R. Robinson, III**
**Robinson & Moreno**
**One Lakeshore Dr., #1135**
**Lake Charles, LA 70629**
**(337) 433-9535**
**Counsel for Defendant/Appellee:**
     **Dayline, Inc.**

GREMILLION, Judge.

The plaintiffs, Cecil C. Malone and Lois M. Huff, appeal from the judgment of the trial court finding that their Petition for Declaratory Judgment seeking to have an Option to Purchase agreement declared null and void failed to state a cause of action. The trial court further reduced the term of the agreement from fifteen years to ten years. For the following reasons, we affirm.

## FACTS

On August 13, 1999, Malone and Huff (Plaintiffs) entered into an agreement with Dayline whereby they granted it an option to purchase a 180 acre tract of property located in Vinton, Calcasieu Parish. The agreement provided that the option would remain viable through August 15, 2014. On July 16, 2002, the Plaintiffs filed a Petition for Declaratory Judgment seeking to have the Option to Purchase declared null and void because its fifteen year term was in violation of the ten year limit on options found in La.Civ.Code art. 2628. Dayline answered and filed a reconventional demand in which it sought the reformation of the agreement from fifteen to ten years. It then filed a peremptory exception of no cause of action and, in the alternative, a motion for judgment on the pleadings, and a motion for summary judgment.

On agreement of the parties, the matter was submitted to the trial court on the briefs. The trial court then rendered written reasons for judgment granting Dayline's exception finding that Plaintiffs' Petition for Declaratory Judgment failed to state a cause of action and dismissing their claim with prejudice. The trial court further reduced the Option to Purchase from fifteen years to ten years in conformance

1

with Article 2628. A judgment was rendered in this matter on May 23, 2007. This appeal by Plaintiffs followed.

## ISSUES

On appeal, Plaintiffs raise three assignments of error. They argue that the trial court erred in applying the wrong law, in failing to overrule Dayline's exception, and in reforming the time limit of the Option to Purchase.

## PLAINTIFF'S BRIEF

At the outset, we note that Plaintiffs' appellate brief fails to conform with Rule 2-12.4 of the Uniform Rules—Courts of Appeal. That Rule requires the appellant to include in his/her brief "the jurisdiction of the court, a concise statement of the case, the action of the trial court thereon, a specification or assignment of alleged errors relied upon, the issues presented for review" and "[give] accurate citations of the pages of the record." Plaintiffs' counsel fails to include any of the above in his brief. Despite this failure, we will still consider their appeal, but we remind counsel that the Uniform Rules are to be followed in the future.

## EXCEPTION

A peremptory exception of no cause of action tests the legal sufficiency of the petition to determine whether the law affords a remedy on the facts alleged therein. *Adams v. Owens-Corning Fiberglas Corp.*, 04-1296 (La.App. 1 Cir. 9/23/05), 921 So.2d 972, *writ denied*, 05-2501 (La. 4/17/06), 926 So.2d 514. No evidence may be introduced to support or controvert the exception, and all well-pled allegations of fact are accepted as true in deciding the issue. *Copeland v. Treasure Chest Casino, L.L.C.*, 01-1122 (La.App. 1 Cir. 6/21/02), 822 So.2d 68. On appeal,

2

the grant or denial of an exception of no cause of action presents a question of law which must be decided pursuant to a de novo review. *La. Crawfish Producers Ass'n–West v. Amerada Hess Corp.*, 05-1156 (La.App. 3 Cir. 7/12/06), 935 So.2d 380, *writ denied*, 06-2301 (La. 12/8/06), 943 So.2d 1094.

> The standard for granting an exception of no cause of action is not the likelihood that the plaintiff will prevail at trial. Rather, it is whether, on the face of the petition, accepting as true all its allegations, and with every doubt resolved in the plaintiffs' behalf, the petition states any valid cause of action for relief.

*Doe v. Smith*, 05-0653, p. 1 (La.App. 4 Cir. 7/13/05), 913 So.2d 140, 141.

Louisiana Civil Code Article 2628 pertaining to options and rights of first refusals, as written in 1999[1], provides:

> An option or a right of first refusal that concerns an immovable thing may not be granted for a term longer than ten years. Nevertheless, if the option or right of first refusal is granted in connection with a contract that gives rise to obligations of continuous or periodic performance, an option or a right of first refusal may be granted for as long a period as required for the performance of those obligations.

The comments to Article 2628 provide, "A right of first refusal or an option to buy for a perpetual or indefinite term is null. See Crawford v. Deshotels et al., 359 So.2d 118 (La.1978); Becker and Assoc. Inc. v. Lou-Ark Equipment Rentals, Inc., 331 So.2d 474 (La.1976); Bristor v. Christine Oil & Gas Co., 139 La. 312, 71 So. 521 (1916)." Comment (b), Revision Comments—1993. In *Mardis v. Brantley*, 30,773 (La.App. 2 Cir. 8/25/98), 717 So.2d 702, *writ denied*, 98-2488 (La. 11/20/98),

---

[1] In 2003, Article 2628 was amended by Acts 2003, No. 1005, § 1 to insert a new second sentence, which provided, "If a longer time for an option or a right of first refusal has been stipulated in a contract, that time shall be reduced to ten years." Initially, Section 2 of the amendment was held to apply to all claims pending or arising on or after its effective date. However, Section 2 was later repealed by Section 1 of Acts 2004, No. 24, which declared that the 2003 amendment was substantive in nature and was to have prospective application only.

729 So.2d 563, the second circuit recognized that restraints on alienation which do not violate public policy are commonly upheld.

In *Terrell v. Messenger*, 428 So.2d 1241, 1244 (La.App. 3 Cir.), *writ denied*, 433 So.2d 709 (La.1983), we stated:

> One of the most fundamental and deeply rooted principle of law in this state, and almost all civil law jurisdictions, is that it is contrary to public policy to restrict property from the stream of commerce for an indefinite period of time. *Gueno v. Medlenka*, 238 La. 1081, 117 So.2d 817 (La.1960). After this principle is recognized it becomes essential to determine when a restriction on immovable property is contrary to public policy and thus void, and when such a restrictions is valid.
>
> In *Queensborough Land Co. v. Cazeaux*, 136 La. 724, 67 So. 641 (La.1915), guidance was provided in questions of public policy and restrictions on the alienability of immovable property. The Court made the following statement as to the validity of such restrictions:
>
> > "In *Female Orphan Society v. Young Men's Christain Ass'n*, 119 La. 287, 44 So. 15, 12 Ann.Cas. 811, a condition of perpetual and total inalienability was held to be void as putting property out of commerce, and therefore against public policy, but between total and perpetual inalienability and partial and temporary inalienability there is a very wide difference. The insertion of a condition of the latter character is a matter of everyday occurrence, with challenge from no quarter. The question is how far such a condition is sustained is dependent very much on the facts of each particular case. If the condition is founded upon no substantial reason but merely in caprice, and is of character to tie up property to the detriment of the public interest, it will not be sustained; otherwise it will." *Id.* 67 So. at 643.
>
> As is succinctly stated in the above quote, the court was of the opinion that a condition of perpetual and total inalienability would be held void as putting property out of commerce and therefore against public policy, but there is a great latitude with respect to a condition resulting in partial and temporary inalienability of property.

The Option to Purchase in the present case provided for a term limit of fifteen years, which does not remove Plaintiffs' property from the stream of

commerce for a perpetual or indefinite amount of time. Thus, the trial court correctly held that the Option to Purchase was not null and void as being against public policy.

Plaintiffs argue that the trial court erred in applying the current law and the case of *Youngblood v. Rosedale Development Co., L.L.C.*, 39,939 (La.App. 2 Cir. 9/21/05), 911 So.2d 418, in reducing the term of the Option to Purchase to ten years. Taking into account the freedom of action allowed in instances where a condition results in temporary inalienability, we find that the trial court correctly reformed the agreement to bring it into compliance with Article 2628, as it existed prior to the 2003 amendments. In its reasons for judgment, the trial court states, "The remedy stated by Article [2628] since the 2003 amendments that automatically reduces the option period to ten (10) years has certainly been an acceptable remedy in the previous period, even if the old law applied." Thus, the trial court did not erroneously rely on the amended Article 2628 or *Youngblood* in reducing the time period contained the agreement. Accordingly, the judgment of the trial court is affirmed.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiffs-appellants, Cecil C. Malone and Lois M. Huff.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.

5