STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1336


JOYCE G. BULLER

VERSUS

PEGGY CLARK


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 231081
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.


Susan Ford Fiser
P. O. Box 12424
Alexandria, LA 71315-2424
Telephone: (318) 442-8899
COUNSEL FOR:
    Defendant/Appellee - Peggy Clark

Beau Layfield
P. O. Box 544
Marksville, LA 71351
Telephone: (318) 240-7800
COUNSEL FOR:
    Plaintiff/Appellant - Joyce G. Buller

**THIBODEAUX, Chief Judge.**

The plaintiff-appellant, Joyce Buller, seeks to enforce a right of first refusal against the defendant-appellee, Peggy Clark, over ten years after the agreement granting the right was entered into by the parties. The trial court granted Clark's exception of no cause of action. For the reasons set forth below, we affirm.

I.

## ISSUES

We must decide whether the trial court erred in applying La.Civ.Code art. 2628 and in granting the defendant's exception of no cause of action.

II.

## FACTS AND PROCEDURAL HISTORY

In 1996, Buller and Clark purchased immovable property in Alexandria, Louisiana which contained a commercial building. They executed and recorded a Joint Ownership Agreement (Agreement) giving each other a right of first refusal should either party desire to sell her undivided interest in the property. They also agreed to share equally in the costs for maintenance, insurance, and taxes on the property. Buller operated a beauty salon in one portion of the building, and Clark operated a florist shop in the other portion of the building.

In 2008, Clark sold her undivided one-half interest in the property to Larry Clark for $250,000.00. Buller brought suit against Clark, alleging that she violated the Agreement by not first offering Buller an opportunity to buy Clark's interest in the property.

Clark filed an exception of no cause of action, arguing that Buller had no cause of action for enforcing a right of first refusal where that right was extinguished in 2006 pursuant to La.Civ.Code art. 2628. Buller argued the exception in Article

2628 for ongoing obligations, i.e., the obligations to share maintenance fees, insurance costs, and property tax. The trial court disagreed and granted Clark's exception of no cause of action. We agree with the trial court.

III.

## LAW AND DISCUSSION

### Standard of Review

Appellate review of an exception of no cause of action is a question of law and is, thus, subject to a de novo review. *La. Crawfish Producers Assn.-West v. Amerada Hess Corp.*, 05-1156 (La.App. 3 Cir. 7/12/06), 935 So.2d 380, *writ denied*, 06-2301 (La. 12/8/06), 943 So.2d 1094.

### Louisiana Civil Code Article 2628

Louisiana Civil Code Article 2628 provides as follows:

Art. 2628. Time limitation for option and right of first refusal

An option or a right of first refusal that concerns an immovable thing may not be granted for a term longer than ten years. If a longer time for an option or a right of first refusal has been stipulated in a contract, that time shall be reduced to ten years. Nevertheless, if the option or right of first refusal is granted in connection with a contract that gives rise to obligations of continuous or periodic performance, an option or a right of first refusal may be granted for as long a period as required for the performance of those obligations.

Clearly, the first sentence of the article limits both an option and a right of first refusal concerning immovable property to a term of ten years. With regard to the third sentence of Article 2628, providing an exception for contracts giving rise to "obligations of continuous or periodic performance," we find that an agreement to share expenses is not the kind of obligation contemplated in the language of the

2

exception. Clark suggests that such a legal obligation that would extend the term of a right of first refusal beyond ten years would be a mortgage. The published comments to Article 2628 indicate that a lease would be such an obligation.

In any event, it is very clear that the right of first refusal cannot be indefinite and that any continuing obligation that would extend the right would itself have to have a definite term or ending date. More specifically, published comments (a) through (c) to Article 2628 provide as follows (emphasis added):

> (a) This Article *changes the law* by providing a maximum term for options to buy and rights of first refusal that concern immovable things.

> (b) A right of first refusal or an option to buy for a perpetual or indefinite term is null. See *Crawford v. Deshotels et al.*, 359 So.2d 118 (La.1978); *Becker and Assoc. Inc. v. Lou-Ark Equipment Rentals, Inc.*, 331 So.2d 474 (La.1976); *Bristor v. Christine Oil & Gas Co.*, 139 La. 312, 71 So. 521 (1916).

> (c) The failure to expressly state a termination date in an option or a right of first refusal made part of a lease *having a definite term* does not render the option or right of first refusal invalid *if the time for its acceptance* is necessarily *limited by the term* of the lease. *Becker and Assoc. Inc. v. Lou-Ark Equipment Rentals, Inc.*, 331 So.2d 474 (La.1976); Smith Enterprises, Inc. v. Borne, 245 So.2d 9 (La.App. 1st Cir.1971); *Kinberger v. Drouet*, 149 La. 986, 90 So. 367 (1922).

Only two reported cases specifically address Article 2628. In *Gorum v. Optimist Club of Glenmora*, 99-1963 (La.App. 3 Cir. 8/30/00), 771 So.2d 690, *writ denied*, 00-2740 (La. 11/27/00), 775 So.2d 451, this court enforced a right of first refusal granted in favor of the vendor in the 1970s. There, the right was made part of a contract entered into prior to the 1993 enactment of Article 2628. Therefore, *Gorum* is distinguishable.

The Second Circuit Court of Appeal specifically addressed the exception in Article 2628, finding it inapplicable, in *Youngblood v. Rosedale Development Co.*,

3

*L.L.C.*, 39,939 (La.App. 2 Cir. 9/21/05), 911 So.2d 418. There, a developer purchased fifteen acres out of plaintiffs' 384 acre tract with an option to buy more acreage, as long as future purchases were for a minimum of twelve acres. The option was renewable for three additional years with each purchase. The developer transferred its rights within six months, and its successors exercised the option four times over the next six years, purchasing a total of only 56 acres. The plaintiffs refused the next attempt by the developers to exercise the option, arguing that they never intended to extend the option past their lifetimes. Such could occur where, applying the math, the developers could take 73 years to exercise their option on the last twelve acres.

The developers in *Youngblood* argued the exception to Article 2628. However, the court found that the developers never obligated themselves to develop all of the land by increments or to purchase any more acreage after the first 15 acres. Therefore, the option to buy was not granted "in connection with a contract that gives rise to obligations of continuous or periodic performance," and it could not fall into the exception provided in Article 2628. La.Civ.Code art. 2628; *Youngblood*, 911 So.2d at 420. While the Second Circuit in *Youngblood* would not declare the option null and void, it did reverse the trial court and reduce the term of the option to ten years, pursuant to Article 2826, which had the effect of terminating the option in 2006 about a year after the decision was rendered.

In the present case, we find that an agreement to share expenses for maintenance, insurance, and taxes is not an obligation with a definite term, as contemplated by the language in Article 2628 providing an exception to the ten-year limit on a right of first refusal.

4

IV.

**CONCLUSION**

Based upon the foregoing, we affirm the trial court's judgment granting the exception of no cause of action in favor of Peggy Clark.  Costs of this appeal are assessed against the plaintiff-appellant, Joyce G. Buller.

**AFFIRMED.**